UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

  v.                              Case No. 2:24-CV-958-JES-KCD

CHARLOTTE COUNTY, TONY
PRIBBLE, SUPERVISOR OF
SECURITY; IN THEIR
INDIVIDUAL AND
PROFESSIONAL CAPACITY;
LINDA ARMSTRONG,
SUPERVISOR OF ELECTIONS; IN
THEIR INDIVIDUAL AND
PROFESSIONAL CAPACITY;
JULIE SEARGENT, IN THEIR
INDIVIDUAL AND
PROFESSIONAL CAPACITY;
ROBERT CESTARO, IN THEIR
INDIVIDUAL AND
PROFESSIONAL CAPACITY;
WEISER SECURITY, IN THEIR
INDIVIDUAL AND
PROFESSIONAL CAPACITY;
MATTHEW ROEPSTORFF, IN
THEIR INDIVIDUAL AND
PROFESSIONAL CAPACITY; AND
JOHN DOES, IN THEIR
INDIVIDUAL AND
PROFESSIONAL CAPACITY;

    Defendants.
_____/

## ORDER

Plaintiff Andrew Sheets sues a host of defendants under the First Amendment. (*See* Doc. 1.)[1] His claims stem from an incident where he "attempt[ed] to record . . . the closing of the [voting] polls at" the Charlotte County library but was trespassed. (*Id.* ¶ 16.)

Pertinent here, Sheets recently served Defendant Weiser Security Services, Inc. by delivering the summons and complaint to an "administrative assistant" at its office. (Doc 11.) Weiser now moves to quash service, arguing Sheets did not comply with Federal Rule of Civil Procedure 4(h) as required. (Doc. 25.) Sheets has responded (Doc. 28), making this matter ripe.

"Constitutional due process requires that litigants have notice of an action brought against them and an opportunity to be heard." *Baxter v. Miscavige*, No. 8:22-CV-986-TPB-JSS, 2023 WL 1993969, at *3 (M.D. Fla. Feb. 14, 2023). "Thus, after a complaint is filed, a plaintiff is responsible for having the summons and complaint served on a defendant." *Id.*

Federal Rule of Civil Procedure 4(h) governs service on domestic corporations. Fed. R. Civ. P. 4(h)(1). Service on a corporate entity, like Weiser, can be accomplished in one of three ways: (1) by requesting that the company waive service, (2) by following the service rules of the state in which

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

2

the lawsuit is filed or where service is to be made, or (3) by delivering a summons and the complaint to an officer, managing agent, general agent, or any other agent authorized by law to accept service on the company's behalf. Fed. R. Civ. P. 4(d), (h)(1).

Weiser has not waived service. (*See* Doc. 25.) Nor did Sheets serve an officer, managing agent, general agent, or any other agent authorized by law to accept service on the company's behalf. The return here shows that Katrina Gardner accepted service as an "administrative assistant." (Doc. 11.) And according to Weiser, Gardner is a human resources administrator. (Doc. 25 at 1.) Neither title fits the categories under Rule 4, and Sheets offers no evidence that Gardner is otherwise allowed to receive service. *See Spy Optic Inc. v. Pattar Enter., Inc.*, No. 6:16-CV-1541-ORL31GJK, 2017 WL 8893758, at *1 (M.D. Fla. Oct. 4, 2017) (quashing service delivered to the defendant's store manager because he was not "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process").

Sheets, nevertheless, claims "that service upon a responsible employee at a business office satisfies Rule 4 when it ensures actual notice." (Doc. 28 at 2.)[2] Not so. Rule 4 does not allow service on an employee unless they are an

---

[2] The Court cites the page numbers from its electronic filing system because Sheets' brief is not paginated.

3

officer or exercise similar authority. *See Matero v. Digital Ink Americas LLC*, No. 6:22-CV-1606-CEM-LHP, 2023 WL 2527046, at *1 (M.D. Fla. Mar. 15, 2023); *Blue-Grace Logistics, LLC v. Harry Logistics, Inc.*, No. 8:20-CV-1536-MSS-JSS, 2020 WL 10055354, at *1 (M.D. Fla. Dec. 7, 2020).

That leaves Sheets with state law. Service on a Florida corporation is governed by Fla. Stat. § 48.081, which sets forth a hierarchy of persons who may accept service on a corporation's behalf. Subsection (2) directs plaintiffs to first attempt service on the registered agent. If those efforts fail, process can be served on the chair of the board, the president, any vice president, the secretary, the treasurer, or any person listed publicly on the corporation's latest annual report. Fla. Stat. § 48.081(3)(a)-(b). Finally, with a few caveats not relevant here, the statute allows substitute service on the Secretary of State. *See Progressive Cnty. Mut. Ins. Co. v. Keechi Transp. LLC*, No. 6:22-CV-2170-WWB-RMN, 2023 WL 7410988, at *2 (M.D. Fla. Aug. 25, 2023) (outlining the sequential steps required for service on a corporation under Florida law).

Applying these rules here, Sheets has not correctly served Weiser under Florida law either. As mentioned, Gardner accepted service as an "administrative assistant." (Doc. 11.) But Florida law does not provide for service on an administrative assistant, and Gardner is not otherwise listed as a registered agent or other officer authorized to receive service on Wesier's

4

latest annual report filed with the Florida Division of Corporations. *See Howard v. Otis Elevator*, No. 6:09-CV-948-ORL-19-KRS, 2010 WL 916660, at *3 (M.D. Fla. Mar. 11, 2010) ("Service of process upon a clerical employee is insufficient to meet the requirements of Florida Statutes § 48.081."); *Nat'l Safety Assocs., Inc. v. Allstate Ins. Co.*, 799 So. 2d 316, 317 (Fla. Dist. Ct. App. 2001) (finding service on the defendant's director of human resources insufficient under § 48.081); *see also Bar-Navon v. Mercedes Homes, Inc.*, No. 6:10-CV-1263-ORL-35-KRS, 2010 WL 11626819, at *1 (M.D. Fla. Oct. 19, 2010).

Like above, Sheets argues that "delivering the summons and complaint to any employee in charge of the business" is enough. (Doc. 28 at 3.) Wrong again. "The conditions imposed by Fla. Stat. § 48.081 must be strictly complied with." *Bar-Navon*, 2010 WL 11626819, at *1. Service on a "random employee" will not do, even when the defendant later receives notice. *Nationsbanc Mortg. Corp. v. Gardens N. Condo. Ass'n, Inc.*, 764 So. 2d 883, 885 (Fla. Dist. Ct. App. 2000).

Because service of process fails under Florida law and the Federal Rules of Civil Procedure, the Court will grant Weiser's motion to quash. *See Bar-Navon*, 2010 WL 11626819, at *2.

5

One last issue. Sheets "requests leave to cure the deficiency by effectuating proper service." (Doc. 28 at 3.) But leave is unnecessary. Rule 4(m) requires that "a defendant [be] served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Sheets brought this case on October 20, 2024. Meaning he still has nearly two months to perfect service.

Accordingly, it is **ORDERED**[3]:

1. Defendant Weiser Security Services, Inc.'s Motion to Quash Service of Process (Doc. 25) is **GRANTED**.

**ENTERED** in Fort Myers, Florida on November 27, 2024.

Kyle C. Dudek
United States Magistrate Judge

---

[3] A magistrate judge must issue a report and recommendation, subject to de novo review, for certain case-dispositive motions. 28 U.S.C. § 636(b)(1)(B). In contrast, a magistrate judge may issue an order, subject to clear error review, for non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). Weiser's motion falls into the latter category because it only seeks to quash service and does not dispose of any claim or defense. *See, e.g., United States v. Faro*, No. 2:20-CV-769-JLB-NPM, 2022 WL 20815060, at *1 (M.D. Fla. July 11, 2022).