UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION


Andrew B Sheets                                             Case # 24 cv-00958

Plaintiff

V

Charlotte County.

Tony Pribble; in personal and professional capacity;

Linda Armstrong; in personal and professional capacity;

Julie Seargent, in personal and professional capacity;

Robert Cestaro, in personal and professional capacity;

Weiser Security, in personal and professional capacity;

Matthew Roepstorff ESQ. in personal and professional capacity

HECTOR FLORES in personal and professional capacity.


## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL


1. Amending as a Matter of Course: F.R.C.P 15(a)(1)


2. Respectfully Plaintiff ANDREW BRYANT SHEETS brings the following Complaint and Demand for Jury trial Pro Se.

**INTRODUCTION**

3.  Every American works under a constant surveillance state.  Employers rely on video
    surveillance, software on our computers; that tracks and records, GPS devices, in
    delivery trucks and artificial intelligence when you go through the self checkout.
    Americans have acknowledged this way of life; literally it comes with technology. We
    still raise our children, get our groceries, and pay our taxes. Our employers wish to hold
    us accountable. We do not revolt, or claim that we cannot work, under these types of
    conditions.

4.  Charlotte County government is meant to serve the people; our taxes are what pays the
    public servants; of Charlotte County their wages. We the people fund Charlotte County
    government. Simply put we are the employer of the government. When We the people
    asked for accountability.  We are met with armed security guards, trespass warnings,
    administrative hearings where the constitution does not apply. Teams of attorneys work
    on unconstitutional county ordinances; so that the government can conduct business in
    private. Charlotte County government has willingly and knowingly created; a
    mechanism to piss on the Constitution and the rights of the People of Charlotte County.
    This lawsuit exposes those unconstitutional mechanisms: We all have to ask ourselves;
    what are they trying to hide?

5.  "Tyranny is defined as that which is legal for the government but illegal for the
    citizenry."

**JURISDICTION AND VENUE**

6.  This court has subject matter over jurisdiction this matter pursuant to 28 U.S.C section
    1331 and 1343(a)(3) as well as 42. U.S.C section 1983 and Florida Law.

7.  Venue in this judicial district and division is proper pursuant two 28 U.S.C. Section
    1391(b) and M.D. Fla. Loc. R. 1.02

**PARTIES**

2

8.  ANDREW B SHEETS is a resident of Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

9.  Tony Pribble, Linda Armstrong, Julie Seargent, HECTOR FLORES, Robert Cestaro, Matthew Roepstorff ESQ. Are all employees of Charlotte County. And were in Charlotte County during relevant times of this complaint.

10. Tony Pribble, Linda Armstrong, Julie Seargent, HECTOR FLORES, Robert Cestaro, Matthew Roepstorff ESQ. are clothed in the authority of the state, and working under the color of law during all relevant times in this complaint.

11. Charlotte County is a U.S. County in Florida

12. Weiser Security, is company who was contracted by Charlotte County to do security, who's employees we're in Charlotte County during relevant times of this complaint.

## FACTUAL ALLEGATIONS

13. John Does are county employees who violated Plaintiffs rights.
14. Andrew B Sheets is a well seasoned independent journalist; who has millions upon millions of views on multiple social media outlets.

15. Without a doubt the 2020 elections have been deemed questionable.   On January 6th 2021, an unprecedented protest / riot took place at the United states Capitol; with

assertions of election fraud. Election integrity is clearly a matter of public concern!!



16. On 10/21/2020 Mr. Sheets was attempting to document; the closing of the polls. This activity was protected by Florida revised statutes.



17. On 10/21/2020 plaintiff sheets did attempt to record after the closing of the polls at the location of Charlotte County library.

---

[1] https://www.reuters.com/pictures/defining-images-jan-6th-capitol-attack-2024-01-05/

18. Julie Seargent an election worker, employed by Charlotte County and a Security guard named Robert Cestaro, an armed employee of Weiser Security; by force kicked Plaintiff Sheets out of the library. These actions put a prior restraint on Plaintiffs journalism.

19. Linda Armstrong a supervisor; directed security officer Defendant Cestaro, to trespass Plaintiff. Via phone call.

20. Defendants Cestaro and Seargent also violated Florida statutes. Chapter IX. Closing the Polls (Sections 100.011910. 101.5614, Fla Stat.)

21. Weiser Security was under contract to provide security by Charlotte County, and was clothed in the authority of Charlotte County government.

22. Mr. Tony Pribble; the Charlotte County Security Manager, told ~~Defendant~~ Deputy Greenwood to make a police report, in concerns to the incident that happen with Plaintiff, on 10/21/2020 at the charlotte county library. Defendant Pribble was the moving force behind a trespass warning that would ban plaintiff from all county facilities.

23. Charlotte County HECTOR FLORES County Administrator drafted a trespass warning that was delivered to plaintiff, by a deputy on 10 /23/2020.

**<u>Viewpoint Discrimination</u>**

24. Other journalists are allowed to freely videotape and do interviews since the Charlotte County loves media outlets, where they can control the narrative . However when plaintiff attempts to document something; I'm kicked out of the same location. Even when my conduct is protected by Florida statutes specifically aimed towards election transparency. This is View point Discrimination.

25.



**Charlotte County Libraries and History looks to commemorate the 20 years since Hurricane Charley**



WGCU News
303 subscribers                Subscribe

**<u>Charlotte County</u>**

(Monell)

26. The reason for my trespass was that I violated; "CHARLOTTE COUNTY FACILITY
    RULES (8)" (see below)

   a. Audio or video recording anywhere inside of County buildings or conveyances, except during public meetings as provided below, or as otherwise approved by the County Administrator. Any audio or video recording that is conducted outside of County buildings must be done in an orderly manner and must not interfere with the use of County facilities by visitors; impede County employees or County officials in the performance of their duties; or harass visitors, employees or County officials. Any person recording another must cease doing so immediately if any visitor, County employee or County official who is not directly performing public duties expresses his or her desire not to be recorded. Anyone failing to immediately cease audio or video recording any visitor, employee or County official who is not directly performing public duties, and who has expressed a desire not to be recorded, will be immediately trespassed without warning. (This does not apply to: 1) Authorized law enforcement personnel, or 2) County officials, where either are directly performing public duties on matters of public concern.) Audio or video recording of public meetings is permitted provided it is done in a quiet and orderly manner, does not interfere with the conduct of the meeting, does not block the view of any person attending the public meeting and does not block any aisle, row, ingress or egress. Rules governing citizen conduct during public meetings of the Board of County Commissioners can be found at Section 3.01 of the Administrative Code and Section 1.12 of the Rules of Procedure, Board of County Commissioners, Charlotte County, available online at www.charlottecountyfl.gov.

27. Plaintiff's challenges county ordinance "CHARLOTTE COUNTY FACILITY RULES (8)" on its face since it is not reasonable, is in direct conflict with both state and federal law. Furthermore as applied to the Plaintiff the ordinance was viewpoint discriminatory.

28. We live in a society that is inundated with video cameras. There's cameras when you go to Walmart, there's cameras in your uber when you take a ride. There are cameras strapped to the chest of police officers. There's cameras in the courtroom. Nanny cams have been made popular since they hold those who oversee our children accountable. Throughout society it seems almost everything is being captured by some type of camera. Cameras have even integrated themselves to our phones and eyeglasses. And all around this country everyday Americans conduct business while being under the watchful eye of cameras. Cameras are placed above our heads during self checkout. Yet all of us still seemed to be able to run our groceries over a scanner, place them into a bag, and pay. Cameras are integrated into our trucking industry. Those big rigs still travel across America and deliver goods to everyday people.

29. Yet somehow or another Charlotte County government seems to think cameras are disruptive. Even though cameras make no noise. Cameras speak no words. Cameras do not blind, or physically impaired any government employee. It should also be noted that these government buildings, have cameras to capture daily government business. Indeed Plaintiff has never seen a camera disrupt any person. Plaintiff has seen individuals be disruptive. But Plaintiff has never seen a camera actually do the disruption.

30. All Charlotte county facilities have video surveillance; this video surveillance is always on. The video surveillance does not disrupt public servants; from doing their duties. The video surveillance is both for safety and accountability. A citizen that has a camera attached to his chest; is no more disruptive than; the video cameras, that record the citizen as he walked through, the front doors of a public building.

"Any person recording another must cease doing so immediately if any visitor, County employee or County official who is not directly performing public duties expresses his or her desire not to be recorded. Anyone failing to immediately cease audio or video recording any visitor, employee or County official who is not directly performing public duties, and who has expressed a desire not to be recorded, will be immediately trespassed without warning." ( CHARLOTTE COUNTY FACILITY RULES (8).)

31. The real reason for the ordinance is that county employees and county officials do not want to be filmed.

32. Plaintiffs has documents that shows Charlotte County targeting; and working with numerous attorneys, and other legal entities to stop 1st Amendment auditors and or independent journalists beginning around 2016. The intention is to stop free press.

33. Under Florida sunshine laws a citizen, could records request video from body camera, and or video, from facility security cameras. Videos are public records. An open transparent Government; has always been a foundation, in Florida. Florida has one of the most compelling; open records law in the nation. To think that government officials; are allowed to conduct business in the dark, and in private, is the exact opposite of sunshine. Once again what are they hiding?

34. As a public servant you have no right to privacy. As a member of the public who is conducting business in a government building You have no right to privacy.

35. It should also be noted that there, is no right to privacy when business is being conducted. Any ordinance that violates both the Federal and Florida State constitution is not reasonable. Video recording is not disruptive. Video recording is the same as your eyes and your ears recording.

### **Charlotte County**

(Monell)

### **Appealing the "Trespass Warning" was set for an unconstitutional hearing.**

36. Charlotte County; then had a policy procedure or practice where trespass warnings; were appealed to an administrative court, in front of a special magistrate. This is what Plaintiff would call a kangaroo court since; the constitution does not apply. The court was conducted by a "Special magistrate". Matthew Roepstorff ESQ.

37. At beginning of the hearing special magistrate Matthew Roepstorff stated the following:

38. "So every one knows the role of the special magistrate; is as I understand as I interpret it. I'm not a judge, I'm not as sworn judge. I have no authority to strike down laws or ordinances or statutes as constitutional or unconstitutional. I'm a lawyer; I'm an attorney with the Florida bar. Who has been hired has a special magistrate; to oversee this field. So legal arguments as to whether something is constitutional or unconstitutional things like that. Ah Just you know advance. I am not going to be able to hear those arguments because it's outside of my purview; to rule on those things. anybody has any questions I'm happy to answer those before we get started."

39. Plaintiff Sheets; used numerous 1st amendment Supreme Court law; as a defense, in his unconstitutional administrative hearing. This defense was used as an applied defense; and not a facial challenge to the actual ordinance.

40. After the administrative court hearing the trespassing order; stood in effect and did stop; Mr. Sheets First Amendment rights for at least one year.

41. A court where the constitution does not apply is no court at all. Furthermore a claim where the constitution is in question, is a claim that should be adjudicated in front of a jury. A jury trial was never afforded or offered to Plaintiff.  Plaintiffs Constitutional arguments make "the appeal of my trespass warning a suit in the common law."

42. Charlotte County's appeal process uses an administrative court;  that did not offer me a jury trial. A court that does not recognize constitutional arguments when there is a constitutional defense; is null and void.

43. Defendant Matthew Roepstorff; hearing that the case was intertwined with constitutional issues and knowing that Mr. Sheets is a member of the press, should have declared that his administrative court;  did not have jurisdiction. Defendant Roepstorff; should have ruled that the case needs to be heard in a Circuit Court, where constitutional defenses could be heard and not ignored.

44. In the order that Matthew Roepstorff signed on November 19th 2020 he stated the following.

45. "That's it is well established that the facial constitutionality of the statute may not be raised in an administrative proceeding."  Wilson V County of Orange (Fla 5th DCA 2004)

46. Plaintiff Sheets also used his Constitution as a defense; however this was ignored, and not mentioned in the order. There is a difference between facial challenges, and as applied. Matthew Roepstorff upheld the trespass order, ignored the fact that Mr.  Sheets was a journalist; and totally disregarded the 1st Amendment, and the United States Constitution.  Because of these actions Mr. Sheets rights; were violated for exactly 1 year putting;  a prior restraint on Plaintiffs his journalism.

the first amendment viewpoint if to if the if the first amendment viewpoint The First Amendment viewpoint discrimination

Weiser Security

Monell

Weiser security did fail to train its employee Robert Cestaro on the First Amendment, Viewpoint discrimination, and Free Press.

The first incendent Robert Cestaro violated plaintiff's rights on 10/21/2020  has already been covered in this complaint.

On 10/23/2020 Weiser Security employee once again harasses Plaintiff. This is after Plaintiff had already been threatened with gun violence by Robert Cestaro10/21/2020  on . It should be noted that in the video; Plaintiff is conducting journalism; outside in a public parking lot. The second incident confirms that
Weiser security had failed to train its employee Robert Cestaro on the First Amendment, Viewpoint discrimination, and Free Press.

-

-

**CLAIM ONE:**

**42 U.S.C. § 1983**

**First Amendment – Violation Regarding Free Speech and Press**

**Viewpoint Discrimination**

**(Linda Armstrong, Julie Seargent, Matthew Greenwood, Tony Pribble and Robert Cestaro)**

47. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

48. Plaintiff's speech and expression were related to matters of public concern.

49. On 10/21/2020 Julie Seargent, Robert Cestaro did kick Plaintiff out and Trespass him from the Charlotte County library for filming. Defendants Julie Seargent, and Robert Cestaro were ordered to do this by supervisor Linda Armstrong.

50. Mr. Pribble initiated a police report and directed Defendant Greenwood to initiate a process so that sheets would be trespassed from all county facilities.

51. HECTOR FLORES drafted and signed the trespass warning.

52. Defendants trespassed plaintiff for filming inside the library.

53. WGCU news engaged in identical filming inside the library and was allowed to do so with impunity.

54. The right to film public servants conducting public business; is Free Press conduct protected by the 1st amendment.

55. Defendants decision to trespass Andrew Sheets for filming in the library, is a viewpoint restriction on speech.

56. Defendants decision to trespass Andrew Sheets for filming in the library, had a chilling effect on Plaintiffs First Amendment activities.

57. Defendants actions occurred while they was acting under the color of law.

58. Defendants, conduct, violated clearly established rights belonging to Andrew Sheets of which reasonable persons in Defendants position knew or should have known.

59. Defendants,  engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

**CLAIM TWO:**

**42 U.S.C. § 1983**

**First Amendment – Violation Regarding Free Press**

**Prior Restraint**

**(Matthew Roepstorff, Linda Armstrong, Julie Seargent,** HECTOR FLORES**, Tony Pribble and Robert Cestaro)**

60. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

61. Plaintiff's speech and expression were related to matters of public concern.

62. On 10/21/2020 Julie Seargent, Robert Cestaro did kick Plaintiff out and Trespass him from the Charlotte County library for filming. Defendants Julie Seargent, and Robert Cestaro were ordered to do this by supervisor Linda Armstrong.

63. Mr. Pribble initiated a police report and directed deputy Greenwood to initiate a process so that sheets would be trespassed from all county facilities.

64. HECTOR FLORES drafted and signed the trespass warning.

65. Defendants Linda Armstrong, Julie Seargent, Matthew Greenwood, Tony Pribble and Robert Cestaro trespassed plaintiff for filming inside the library.

66. Matthew Roepstorff; upheld the trespass order, ignored the fact that Mr. Sheets was a journalist; and totally disregarded the 1st amendment, and the United States Constitution.

67. The right to film public servants conducting public business; is Free Press conduct protected by the 1st amendment.

68. Defendants Linda Armstrong, Julie Seargent, Matthew Greenwood, Tony Pribble and Robert Cestaro trespassing of Plaintiff for filming inside the library, did cause a prior restraint on Plaintiffs Free Press.

69. Matthew Roepstorff; upheld the trespass order, this did cause a Prior restraint of Plaintiffs Free Press Activities for one year.

70. Defendants did prevent Plaintiff Sheets from collecting video, and or information for future journalistic stories.

71. Defendant's actions had a chilling effect on Plaintiff's Free Press.

72. Defendants were acting under the color of law.

73. Defendants, conduct, violated clearly established rights belonging to Andrew Sheets of which reasonable persons in Defendants position knew or should have known.

74. Defendants, engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

**CLAIM THREE:**

**42 U.S.C. § 1983**

**First Amendment – Violation Regarding Free Speech and Press.**

**Retaliation**

**(Matthew Roepstorff, Linda Armstrong, Julie Seargent, HECTOR FLORES, Tony Pribble and Robert Cestaro)**

75. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

76. Plaintiff's speech and expression were related to matters of public concern.

77. On 10/21/2020 Julie Seargent, Robert Cestaro did kick Plaintiff out and Trespass him from the Charlotte County library for filming. Defendants Julie Seargent, and Robert Cestaro were ordered to do this by supervisor Linda Armstrong.

78. Mr. Pribble initiated a police report, and directed deputy Greenwood to initiate a process so that sheets would be trespassed from all county facilities.

79. HECTOR FLORES, drafted and signed the trespass warning.

80. Defendants Linda Armstrong, Julie Seargent, HECTOR FLORES, Tony Pribble and Robert Cestaro trespassed plaintiff for filming inside the library.

81. Matthew Roepstorff; upheld the trespass order, ignored the fact that Mr. Sheets was a journalist and totally disregarded the 1st amendment and the United States Constitution.

16

82. The right to film public servants conducting public business; is Free Press conduct protected by the 1st amendment.

83. Defendants Linda Armstrong, Julie Seargent,  HECTOR FLORES, Tony Pribble and Robert Cestaro retaliated against Plaintiff for filming inside the library, did trespass Plaintiff for his Free Press.

84. Matthew Roepstorff; upheld the trespass order, to retaliate against Plaintiff for his protected activity of Free press.

85. Defendants' retaliatory actions were substantially motivated by Plaintiff's exercise of First Amendment rights.

86. Defendants Linda Armstrong, Julie Seargent,  HECTOR FLORES, Tony Pribble and Robert Cestaro did decide to trespass, Mr. sheets for filming in the library.

87. Defendants Linda Armstrong, Julie Seargent, HECTOR FLORES, Tony Pribble and Robert Cestaro sought to punish Plaintiff for exercising his First Amendment rights and to silence Mr. Sheet's future speech and restrict Plaintiff's freedom of expression, and the future speech and Free Press.

88. Defendants were acting under the cutler of law.

89. Matthew Roepstorff; upheld the trespass order.  Defendant Matthew Roepstorff sought to punish Plaintiff for exercising his First Amendment rights and to silence Mr. Sheet's future speech and restrict Plaintiff's freedom of expression, and the future speech and Free Press.

90. Defendant's retaliatory actions would chill a person of ordinary firmness from engaging in such First Amendment protected activity.

## CLAIM FOUR:

## 42 U.S.C. § 1983

## FIRST AMENDMENT FREE PRESS

"CHARLOTTE COUNTY FACILITY RULES (8)"

**<u>Unconstitutional on its Face</u>**

**Monell violations**

**(**CHARLOTTE COUNTY**,)**

91. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein

92. Defendant CHARLOTTE COUNTY through its procedures, policies, practices, and customs is the moving force of the constitutional violations against me.

93. Plaintiff facially challenges CHARLOTTE COUNTY FACILITY RULES (8) as unconstitutional under both state and federal law.

94. CHARLOTTE COUNTY FACILITY RULES (8) is not reasonable.

95. Under both the Florida and United States Constitution public business is to be conducted in sunshine.

96. CHARLOTTE COUNTY employees have violated plaintiff's rights multiple times under policy CHARLOTTE COUNTY FACILITY RULES (8).

97. The CHARLOTTE COUNTY employees violated plaintiffs rights under CHARLOTTE COUNTY FACILITY RULES (8). were acting under the color of law.

98. Defendant CHARLOTTE COUNTY through its procedures, policies, practices, and customs engaged in conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

99. CHARLOTTE COUNTY employees were literally trained to violate plaintiffs rights more than once, and show a pattern of similar constitutional violations. Defendant CHARLOTTE COUNTY demonstrate that CHARLOTTE COUNTY FACILITY RULES (8). is unconstitutional.

**CLAIM FIVE:**

**42 U.S.C. § 1983**

**FIRST AMENDMENT FREE PRESS, SEVENTH AMENDMENT JURY TRIAL,**

**FIFTH AND FOURTEENTH PROCEDURAL DUE PROCESS**

"Appeal process for trespass warning via administrative hearing."

<u>**Unconstitutional on its Face**</u>

**Monell violations**

**(**CHARLOTTE COUNTY**,)**

100.     All statements of fact set forth previously are hereby incorporated into this claim

as though set forth fully herein

101.     Plaintiff's speech and expression were related to matters of public concern.

102.     The right to film public servants conducting public business; is Free Press conduct

protected by the 1st amendment.

103.     Defendant CHARLOTTE COUNTY through its procedures, policies, practices,

and customs is the moving force of the constitutional violations against plaintiff.

104.    Plaintiff facially challenges CHARLOTTE COUNTY " Appeal process for trespass warning via administrative hearing" as unconstitutional Violations Of the 1st, 5th, 7th, and 14th Amendment.

105.    CHARLOTTE COUNTY " Appeal process for trespass warning via administrative hearing"

106.    Plaintiff Sheets defense to the trespass warning, Was First Amendment protected activity and engagement in God given rights.

107.    CHARLOTTE COUNTY "Appeal process for trespass warning via administrative hearing" did  Excluded any type of Constitutional arguments. Plaintiff was also not afforded an option for a jury trial. This violates the 7th Amendment and procedural due process rights.

108.    CHARLOTTE COUNTY employees have violated plaintiff's rights; and did stop plaintiffs journalism for one year causing a prior restraint. This is via unconstitutional ruling from administrative hearing process.

109.    The CHARLOTTE COUNTY employees violated plaintiffs rights and were acting under the color of law.

21

110.    Defendant CHARLOTTE COUNTY through its procedures, policies, practices, and customs engaged in conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

111.    CHARLOTTE COUNTY employees violated Mr. sheets rights more than once, and show a pattern of similar constitutional violations. Defendant CHARLOTTE COUNTY demonstrate that CHARLOTTE COUNTY "Appeal process for trespass warning via administrative hearing" is unconstitutional.

## CLAIM SIX:

## 42 U.S.C. § 1983

## FIRST AMENDMENT FREE PRESS, VIEWPOINT DISCRIMINATION

" Failure to train"

**(Monell violations)**

**(DEFENDANT WEISER SECURITY)**

112.    **All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.**

113.    Plaintiff's speech and expression were related to matters of public concern.

114.    On 10/21/2020 Julie Seargent, Robert Cestaro did kick Plaintiff out and Trespass him from the Charlotte County library for filming. Defendants Julie Seargent, and Robert Cestaro were ordered to do this by supervisor Linda Armstrong.

115.    Defendant Weiser security's failure to train was a moving force in the deprivation of rights of plaintiff.

116.    Defendant Weiser security's employee on at least two occasions showed that Weiser security failed to train properly on 1st amendment issues.

117.    Defendant Weiser security's failure to train allowed its employee to violate Plaintiff sheets 1st amendment on at least 2 occasions.

118.    Defendant Weiser security's failure to train had a chilling effect on plaintiff's First Amendment activity.

119.    Defendant Weiser security's failure to train; allowed its employee to engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

PRAYER FOR RELIEF

Wherefore, Plaintiff Sheets entitled to compensatory damages from CHARLOTTE COUNTY and Weiser Security; compensatory and punitive damages from the individual Defendants,

Matthew Roepstorff, Linda Armstrong, Julie Seargent,  HECTOR FLORES, Tony Pribble and Robert Cestaro and an award of reasonable costs.

Plaintiff also asked the honorable court for Declaratory and Injunctive relief. That "CHARLOTTE COUNTY FACILITY RULES (8)" be declared Unconstitutional and that all enforcement of  "CHARLOTTE COUNTY FACILITY RULES (8)" be Stopped.

Furthermore Plaintiff also asked the honorable court for Declaratory and Injunctive relief. That "Appeal process for trespass warning via administrative hearing."  be declared Unconstitutional and that all enforcement of  "Appeal process for trespass warning via administrative hearing." be Stopped. The injunctive relief plaintiff requests; may be administered after the jury trial; plaintiff is not asking for a preliminary injunction.


### *REQUEST FOR JURY TRIAL*

Therefore, Plaintiff respectfully requests that all issues be tried before a jury in accordance with the Seventh Amendment and Rule 38 of the Federal Rules of Civil Procedure.


/S/ ANDREW B SHEETS
11408 PEPPERDINE ST
PUNTA GORDA,FL,33955
deprivationofrightsunderlaw@gmail.com
12/3/2024



CERTIFICATE OF SERVICE


I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with

the Clerk of Court using the CM/ECF system on 12/3/2024, and the foregoing

document is being served this day on all counsel or parties of record on the Service List below,

either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other

authorized manner for those counsel or parties who are not authorized to receive Notices of

Electronic Filing.

Jacob J. Liro, Esquire (32720)

JLiro@wickersmith.com

WICKER SMITH O'HARA

McCOY & FORD, P.A.

2800 Ponce de Leon Blvd., Suite 800

Coral Gables, FL 33134

Telephone: (305) 448-3939

Facsimile: (305) 441-1745

Attorneys for Weiser Security Services, Inc.


Linda Armstrong-Deeble

2425 Ednor Street

Port Charlotte, FL 33952

PRO SE

Telephone: (941) 258-8450

armsteeble@yahoo.com

Julie Seargent

17311 Terry Ave.

Port Charlotte, FL 33948

PRO SE

Tiernan Cole, Esquire

Office of the Charlotte County Attorney

18500 Murdock Circle, Suite 573

Port Charlotte, FL 33948

Telephone: (941) 743-1330

Facsimile: (941) 743-1550

Tiernan.Cole@CharlotteCountyFL.gov

Tiffany.Hummel@CharlotteCountyFL.gov

County.Attorney@CharlotteCountyFL.gov