UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.

CHARLOTTE COUNTY, TONY PRIBBLE, SUPERVISOR OF SECURITY; IN THEIR INDIVIDUAL AND PROFESSIONAL CAPACITY; LINDA ARMSTRONG, SUPERVISOR OF ELECTIONS; IN THEIR INDIVIDUAL AND PROFESSIONAL CAPACITY; JULIE SEARGENT, IN THEIR INDIVIDUAL AND PROFESSIONAL CAPACITY; ROBERT CESTARO, IN THEIR INDIVIDUAL AND PROFESSIONAL CAPACITY; WEISER SECURITY, IN THEIR INDIVIDUAL AND PROFESSIONAL CAPACITY; and MATTHEW ROEPSTORFF, IN THEIR INDIVIDUAL AND PROFESSIONAL CAPACITY;

    Defendants.

Case No. 2:24-cv-958-JES-KCD

## **ORDER**

Plaintiff Andrew Bryant Sheets sues a host of defendants under the First Amendment. (*See* Doc. 35.) His claims stem from an incident where he

"attempt[ed] to record … the closing of [voting] polls at" the Charlotte County library but was trespassed. (*Id.* ¶¶ 17, 19.)

Several individual Defendants (Pribble, Cestaro, Flores) have moved to dismiss the complaint based on qualified immunity. (Doc. 53.) They now ask the Court to stay discovery while their motion awaits disposition. (Doc. 101.)[1] Sheets responded in opposition. (Doc. 102.) For the reasons below, the motion is granted in part and denied in part.

"Pursuant to Federal Rule of Civil Procedure 26(c), a court may, for good cause, issue a protective order staying discovery pending resolution of a dispositive motion." *Caicedo v. DeSantis*, No. 6:23-CV-2303-JSS-RMN, 2024 WL 1579675, at *1 (M.D. Fla. Apr. 11, 2024).[2] But staying discovery is the exception, not the rule. *See* Middle District Discovery Handbook (2021) at 5. The pendency of a dispositive motion "will not justify a unilateral motion to stay discovery pending [its] resolution." *Id.*

Rather, "a stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Garvin v. Effingham Cnty. Sch. Dist.*, No. CV423-337, 2024 WL 2092990, at *1 (S.D. Ga. May 7, 2024). This is because "[d]elays in discovery

---

[1] This document is not paginated, so the Court refers to the page numbers generated by CM/ECF.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

2

can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Caicedo*, 2024 WL 1579675, at *1.

Also relevant here, the Eleventh Circuit has recognized that claims of immunity often call for protection from discovery because subjecting officials to traditional discovery for acts where they are immune would undercut the protection immunity was meant to afford. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery."); *Overcash v. Shelnutt*, 753 F. App'x 741, 746 (11th Cir. 2018) ("The very purpose of the immunity defenses raised by the judicial and officer defendants is to protect them from having to bear the burdens attendant to litigation."); *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) (finding the trial court abused its discretion when it ordered the defendant to submit a joint discovery plan because a potentially immune defendant should not be subject to litigation "beyond the point at which immunity is asserted").

Because the individual Defendants' motion to dismiss raises serious questions about the viability of the complaint that must be resolved before they are burdened with discovery and other pretrial obligations, a stay is appropriate. (Doc. 53.) If the individual Defendants are indeed entitled to

3

qualified immunity, their motion to dismiss will dispose of Sheets' entire case against them and moot any discovery.

Sheets' arguments about the need for discovery do not sway the Court to break step with the Eleventh Circuit. Further, Sheets has already responded to the motions to dismiss without discovery. (Doc. 68.) And lastly, when ruling on a motion to dismiss, the Court considers only the complaint and any other judicially noticed facts. Discovery is simply unnecessary for the Court to decide the issues now before it.

Charlotte County has also joined the motion to stay discovery. But the County is not entitled to qualified immunity and its tangential protections. All things considered, the Court will not stop discovery for the County because it remains a viable defendant without immunity. *See Ratliff v. DeKalb Cnty., Ga.*, 62 F.3d 338, 340 n.4 (11th Cir. 1995).

Charlotte County alternatively seeks to limit discovery under Federal Rule 26(b)(2)(C). (Doc. 101 at 9-14.) It notes that Sheets has already served over 200 discovery requests, many of which are improper. (*Id.* at 10-11, 14.)

The Court "on motion or on its own" must limit discovery when: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is

4

outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "In short, a district court may limit discovery when the burden of compliance outweighs its likely benefit or relevance." *Pinehaven Plantation Properties, LLC v. Mountcastle Fam. LLC*, No. 1:12-CV-62 WLS, 2013 WL 6734117, at *1 (M.D. Ga. Dec. 19, 2013).

The request to limit discovery is also denied. The County has not addressed the Rule 26(b)(2)(C) factors, nor does it provide the Court with enough information to understand what limitation it wants (*i.e.*, a specific number of admissions or requests for production). The County may move to quash or limit specific discovery requests to address concerns about the breadth of discovery.

Two final issues. First, there is no excuse for Sheets' vulgar language towards opposing counsel in his written communications. (*See* Docs. 101-9, 101-10.) This will stop, or the Court will consider sanctions. Second, Defendants accuse Sheets of using AI to generate discovery responses. (Doc. 101-10.) Though the use of AI platforms is not itself problematic, Sheets must ensure that he vets any factual and legal references generated by AI.

For these reasons, it is **ORDERED**:

1. Defendants Charlotte County, Anthony Pribble, Robert Cestaro, and Hector Flores' Motion to Stay Discovery (Doc. 101) is **GRANTED IN PART AND DENIED IN PART**.

2. Discovery and the requirements of Federal Rule of Civil Procedure 16 as to Defendants Pribble, Cestaro, and Flores are stayed pending a decision on whether this case will be dismissed. (Doc. 53.) Discovery is **not** stayed as to Charlotte County.

3. Charlotte County's alternative request to limit discovery is denied without prejudice.

**ENTERED** in Fort Myers, Florida on April 9, 2025.

Kyle C. Dudek
United States Magistrate Judge