UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Andrew Bryant Sheets,

      Plaintiff,

v.                                      Case No:  2:24-cv-958-JES-KCD

CHARLOTTE    COUNTY,    TONY
PRIBBLE,   Supervisor   of
Security;    in    their
individual and professional
capacity,  LINDA ARMSTRONG-
DEEBLE,    Supervisor    of
Elections;     in     their
individual and professional
capacity,  JULIE  SEARGENT,
in   their   individual   and
professional    capacity,
ROBERT  CESTARO,  in  their
individual and professional
capacity,  WEISER  SECURITY,
in   their   individual   and
professional    capacity,
MATTHEW    ROEPSTORFF,    in
their    individual    and
professional  capacity,  and
HECTOR FLORES,

      Defendants

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on review of three motions
to  dismiss.  Defendants  Charlotte  County  (the  County),  Tony
Pribble,  Robert  Cestaro,  and  Hector  Flores  filed  a  motion  to
dismiss (Doc. #53) on December 17, 2025, to which Plaintiff Andrew
B. Sheets (Sheets) filed a Response in Opposition (Doc. #68) on
January 6, 2025. Defendant Matthew Roepstorff (Roepstorff) filed

a motion to dismiss (Doc. #79) on January 16, 2025, to which Sheets filed a Response in Opposition (Doc. #95) on February 6, 2025. Defendant Weiser Security Services, Inc. (Weiser) filed a motion to dismiss (Doc. #80) on January 21, 2025, to which Sheets filed a Response in Opposition (Doc. #96) on February 11, 2025. The motions are decided as follows.

## I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus,

551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," <u>Mamani v. Berzain</u>, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." <u>Chaparro v. Carnival Corp.</u>, 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Iqbal</u>, 556 U.S. at 679.

## II.

Sheets, acting pro se, makes the following factual allegations in the Amended Complaint (AC), (Doc. #35), the operative pleading:

On October 21, 2020, Sheets was kicked out of the Charlotte County library and subsequently issued a trespass warning for filming inside the library during the closing of election polls. Sheets was ejected by Julie Seargent, an elections worker employed by the County, and Robert Cestaro, a security guard employed by Weiser. Weiser was a private company hired by the County to provide

security services. Seargent and Cestaro acted at the direction of Linda Armstrong, a supervisor employed by the County. The AC alleges that at least one news outlet was allowed to engage in identical filming without issue.

Tony Pribble, a security manager employed by the County, directed Deputy Matthew Greenwood to make a police report and to initiate a process so Sheets would be trespassed. Hector Flores, an administrator employed by the County, drafted and signed a trespass warning aimed at Sheets. The trespass warning cited violation of Rule #8 of County Ordinance 2016-027/Facility Rules, which reads:

**THE FOLLOWING CONDUCT IS PROHIBITED BY COUNTY ORDINANCE 2016-027**

. . .

8. Audio or video recording anywhere inside of County buildings or conveyances, except during public meetings as provided below, or as otherwise approved by the County Administrator. Any audio or video recording that is conducted outside of County buildings must be done in an orderly manner and must not interfere with the use of County facilities by visitors; impede County employees or County officials in the performance of their duties; or harass visitors, employees or County officials. Any person recording another must cease doing so immediately if any visitor, County employee or County official who is not directly performing public duties expresses his or her desire not to be recorded. **Anyone failing to immediately cease audio or video recording any visitor, employee or County official who is not directly performing public duties, and who has expressed a desire not to be recorded, will be immediately trespassed without warning.** (This does not apply to, 1) Authorized law enforcement personnel, or 2) County officials, where wither are directly performing public

4

duties on matters of public concern.) Audio or video recording of public meetings is permitted provided it is done in a quiet and orderly manner, does not interfere with the conduct of the meeting, does not block the view of any person attending the public meeting and does not block any aisle, row, ingress or egress. Rules governing citizen conduct during public meetings of the Board of County Commissioners can be found in the Administrative Code and Section 1.12 of the Rules of Procedure, Board of County Commissioners, Charlotte County, available online at www.charlottecountyfl.gov.

. . .

**If an individual fails to immediately cease conduct prohibited by these Rules upon request, a Trespass Warning may be issued by the County Administrator (or his or her designee) pursuant to County Ordinance 2016-027.**

(Doc. #53-1, emphasis added.) The bottom of the trespass warning states that remaining or returning to the County property could result in arrest. (Id.) It also states that the trespass warning can be appealed pursuant to Section 1-2-82(c)(6) of the Code of Ordinances of Charlotte County, Florida.[1] (Id.)

---

[1] The trespass warning, the County Ordinance 2016-027/Facility Rules, and Section 1-2-82(c)(6) of the Code of Ordinances of Charlotte County, Florida were not attached as exhibits to the AC. But they were attached by some defendants in their motions to dismiss. (See Doc. #53-1; Doc. #79-1.) All three are properly considered herein pursuant to the incorporation-by-reference doctrine because they are central to Sheets' claims and Sheets did not dispute their authenticity in his responses. See Johnson v. City of Atlanta, 107 F.4th 1292, 1300-01 (11th Cir. 2024). The Court also takes judicial notice of the ordinances since they are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See Bryant v. Ford, 967 F.3d 1272, 1275 (11th Cir. 2020).

On October 23, 2020, a Weiser employee "harasse[d]" Sheets again. Sheets appealed the trespass warning and found himself in an administrative court in front of Special Magistrate Matthew Roepstorff. Sheets asserted First Amendment defenses to the trespass warning. On November 19, 2020, Special Magistrate Roepstorff issued an order denying Sheets' appeal and upholding the trespass warning. The order explained that the facial constitutionality of statutes cannot be raised in administrative proceedings.

On October 20, 2024, Sheets filed this lawsuit. The AC raises six claims, all under 42 U.S.C. § 1983: (1) First Amendment Viewpoint Discrimination; (2) First Amendment Prior Restraint; (3) First Amendment Retaliation; (4) Facial Unconstitutionality of Rule #8 of County Ordinance 2016-027/Facility Rules; (5) Facial Unconstitutionality of the appeals process pursuant to Section 1-2-82(c)(6) of the Code of Ordinances of Charlotte County; and (6) Failure to Train against Weiser.

All movants seek dismissal under Rule 12(b)(6), while Weiser also moves in the alternative for a more definite statement under Rule 12(e).[2] (Doc. #53, ¶ 9);(Doc. #79, p. 1); (Doc. #80, p.1). The arguments will be considered in turn.

---

[2] Some defendants also state in a conclusory fashion that Sheets did not suffer an injury-in-fact. (Doc. #53, p. 3-4.) Such a conclusory argument without substantive discussion is not sufficient to properly raise a Rule 12(b)(1) argument. Sapuppo v.

## III.

Certain defendants raise immunity defenses, beginning with judicial immunity and followed by qualified immunity. The Court analyzes whether either type of immunity is successful before analyzing any remaining claims.

### A. Judicial and Quasi-Judicial Immunity

Special Magistrate Roepstorff argues that he is entitled to judicial immunity for the claims in Counts 2 and 3, the only Counts in which he is a named defendant. In Count 2, he is accused of causing a prior restraint on Sheets' free press rights by upholding the trespass order. In Count 3, he is accused of upholding the trespass order to retaliate against Sheets for Sheets' free press activity. Sheets counters that Special Magistrate Roepstorff is not entitled to judicial immunity because his role was administrative rather than judicial.

---

Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014). It is noted that "an actual injury can exist when the plaintiff is chilled from exercising [his] right to free expression or forgoes expression in order to avoid enforcement consequences. In such an instance . . ., the injury is self-censorship." Harrell v. The Fla. Bar, 608 F.3d 1241, 1254 (11th Cir. 2010)(citation omitted). See also Steffel v. Thompson, 415 U.S. 452, 459 (1974); Bischoff v. Osceola Cnty., Fla., 222 F.3d 874, 884 (11th Cir. 2000)(construing Steffel to "hold[] that plaintiff had standing to challenge constitutionality of a Georgia criminal trespass law because he was warned twice to stop handbilling and was told that if he engaged in the activity again he would be arrested.") Nonetheless, if parties wish to challenge injury-in-fact or any other aspect of subject-matter jurisdiction, they may file a properly argued Rule 12(b)(1) motion.

"Judges are absolutely immune from civil liability under section 1983 for acts performed in their judicial capacity, provided such acts are not done in the 'clear absence of all jurisdiction.'" Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994)(quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978)). Quasi-judicial immunity, a derivative of judicial immunity, is also absolute and applies to nonjudicial officials acting within the scope of their authority "when their official duties 'have an integral relationship with the judicial process.'" Id. (quoting Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980)). "[W]e determine the absolute quasi-judicial immunity of a nonjudicial official through a functional analysis of the action taken by the official in relation to the judicial process." Id. Thus, "[w]e do not look to rank, title, or location within the government, but rather examine 'the nature of the responsibilities of the individual official' to determine whether the official was exercising a sufficiently judicial function." Washington v. Rivera, 939 F.3d 1239, 1243 (11th Cir. 2019)(quoting Cleavinger v. Saxner, 474 U.S. 193, 201 (1985)).

Special Magistrate Roepstorff was exercising a sufficiently judicial function, and he is entitled to at least absolute quasi-judicial immunity. The AC alleges that Special Magistrate Roepstorff held a hearing, heard argument, and issued an order. The Eleventh Circuit "ha[s] recognized the authority under Florida

8

law for special magistrates to <u>adjudicate</u> code violations" through this very process, which includes the ability to appeal the special magistrate's final order to a Florida Circuit Court. <u>Lindbloom v. Manatee Cnty.</u>, 808 F. App'x 745, 751 (11th Cir. 2020)(emphasis added)(citing <u>Club Madonna, Inc. v. City of Miami Beach</u>, 924 F.3d 1370, 1379 (11th Cir. 2019)).[3]

Courts have routinely held that similarly situated special magistrates and their equivalent counterparts are entitled to at least absolute quasi-judicial immunity. <u>See</u> <u>Cowart v. Stone Duro, etc.</u>, No. 3:24-CV-472-MMH-SJH, 2024 WL 4476156, at *4 (M.D. Fla. Oct. 11, 2024)("Applying a functional analysis, Plaintiff's allegations against Special Magistrate Boeckman are in turn barred by absolute quasi-judicial immunity."); <u>Fuller v. Bayona</u>, No. 23-24251-CIV, 2024 WL 4057602, at *2 (S.D. Fla. Sept. 5, 2024). The Court finds that Special Magistrate Roepstorff was exercising a judicial function in an adversarial proceeding which could be appealed to correct error, and which needs performance without fear of harassment and intimidation. Special Magistrate Roepstorff is therefore entitled to at least absolute quasi-judicial immunity as to both counts against him in the AC.

---

[3] Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." <u>Bonilla v. Baker Concrete Const., Inc.</u>, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

**B. Qualified Immunity**

Defendants Tony Pribble, Robert Cestaro, and Hector Flores argue they are entitled to qualified immunity for the conduct alleged in the AC.[4] Sheets disagrees.

"Qualified immunity shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11th Cir. 2008)(citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "We apply a two-part analysis to a government official's assertion of qualified immunity." Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1281 (11th Cir. 1998). First, "[t]o even be potentially eligible for [dismissal] due to qualified immunity, the official must have been engaged in a 'discretionary function' when he performed the acts of which the plaintiff complains." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004)(quoting Harlow, 457 U.S. at 818). "It is the burden of the governmental official to make this showing." Id.

---

[4] While Special Magistrate Roepstorff also moved for qualified immunity, "[b]ecause we have determined that [he is] entitled to absolute quasi-judicial immunity, [his] alternative qualified immunity defense is moot." Roland, 19 F.3d at 557 n.6.

"[T]o pass the first step of the discretionary function test for qualified immunity, the defendant must have been performing a function that, <u>but for</u> the alleged constitutional infirmity, would have fallen with his legitimate job description." <u>Spencer v. Benison</u>, 5 F.4th 1222, 1231 (11th Cir. 2021). "The inquiry is two-fold: 'We ask whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize.'" <u>Carruth v. Bentley</u>, 942 F.3d 1047, 1054 (11th Cir. 2019)(quoting <u>Holloman</u>, 370 F.3d at 1264). "A 'bald assertion by the defendant that the complained-of actions were . . . within the scope of his discretionary authority' is insufficient." <u>Est. of Cummings v. Davenport</u>, 906 F.3d 934, 940 (11th Cir. 2018).

Tony Pribble, Robert Cestaro, and Hector Flores do not even mention the first step of the qualified immunity analysis in their brief. (<u>See</u> Doc. #53, pp. 12-13.) Rather, the AC identifies Tony Pribble as a county security manager, Robert Cestaro as a security guard at Weiser, and Hector Flores as a county administrator. But these defendants make no showing as to their job titles, job description/function, or that the complained-of actions were within their authorized power. Having failed to satisfy their burden at the first step, the Court is unable to proceed to the second step. The qualified immunity defense raised by Tony

Pribble, Robert Cestaro, and Hector Flores cannot be determined on their motion to dismiss.

## IV.

The Court next turns to the remaining arguments against the AC's other § 1983 claims.[5] Section 1983 provides a private cause of action against any person who, under color of state law, deprives a person of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

### A. Count 1:  First Amendment Viewpoint Discrimination

In Count 1, the AC alleges that the "decision to trespass Andrew Sheets for filming in the library, [sic] is viewpoint restriction on speech." (Doc. #35, ¶ 55.) Viewpoint discrimination "occurs 'when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the regulation.'" Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc., 942 F.3d 1215, 1240–41 (11th Cir. 2019)(quoting Rosenberger v. Rector & Visitors of Univ. of Vir., 515 U.S. 819, 829 (1995)). Count 1 fails to state a claim because the AC does not plausibly

---

[5] The Court only addresses the arguments it can specifically discern. The motion to dismiss by the County, Tony Pribble, and Robert Cestaro raises various arguments but fails to specify which argument applies to which count. Counts 2 and 3 appear unchallenged so neither is addressed herein.

allege that Sheets was trespassed because of his ideology, opinion, or perspective. In fact, no ideology, opinion, or perspective is even identified. Count 1 is dismissed without prejudice.

### B. Count 4: First Amendment <u>Monell</u> Claim

In Count 4, the AC raises a <u>Monell</u> claim against the County, alleging that Rule #8 of County Ordinance 2016-027/Facility Rules is unconstitutional on its face under the First Amendment. The County moves to dismiss, arguing that the rule is not facially unconstitutional because the library is a nonpublic forum and the rule is reasonable.

But the relevant question at the dismissal stage is whether the alleged constitutional violation is sufficiently plead, not whether there actually was a constitutional violation.[6] <u>Maple v. City of Miami Beach</u>, 663 F. Supp. 3d 1318, 1323 (S.D. Fla. 2023)(citing <u>Randall v. Scott</u>, 610 F.3d 701, 710 (11th Cir. 2010)). While the County may indeed prevail on the merits of the count, the current issue is whether there is a plausible count. Since the County has not addressed that issue, the County's motion to dismiss this count is denied.

### C. Count 5:  Unconstitutional Appeal Process

---

[6] That said, the Eleventh Circuit recently held a similar rule did not facially violate the First Amendment. <u>See</u> <u>Hoffman v. Delgado</u>, No. 23-13213, 2025 WL 25856, at *2 (11th Cir. Jan. 3, 2025).

In Count 5, the AC raises a <u>Monell</u> claim against the County, alleging that Section 1-2-82(c)(6) of the Code of Ordinances of Charlotte County, which establishes the appeal process for trespass warnings, is unconstitutional on its face under the First, Fifth, Seventh, and Fourteenth Amendment. The County moves to dismiss, arguing that the Ordinance is not facially unconstitutional because the library is a nonpublic forum and that the AC fails to sufficiently plead violations of the Fifth, Seventh, and Fourteenth Amendments. The County's first argument fails for the reasons stated as to the prior count.

But the Court agrees with the County's arguments as to the Fifth, Seventh, and Fourteenth Amendments. The AC offers only a conclusory allegation that the Ordinance violates the Fifth Amendment. That is insufficient, so the Fifth Amendment portion of the claim is dismissed without prejudice. As to the Seventh Amendment, the AC explains that the alleged violation is based on the Ordinance's failure to afford a jury trial option when appealing a trespass warning. Such a claim fails because both the Supreme Court and the Eleventh Circuit have long recognized that "the Seventh Amendment applies only in federal court." <u>Sowers v. R.J. Reynolds Tobacco Co.</u>, 975 F.3d 1112, 1131 n.9 (11th Cir. 2020)(citation omitted). The Seventh Amendment portion of the claim is dismissed with prejudice.

14

As to the Fourteenth Amendment claim, the AC alleges that the Ordinance violates procedural due process because it lacks a jury trial option. This claim fails because in <u>Club Madonna</u> the Eleventh Circuit emphasized that "a violation of procedural due process does not 'become complete unless and until the [municipality] refuses to provide due process.'" <u>Id.</u>, 924 F.3d at 1378 (quoting <u>McKinney v. Pate</u>, 20 F.3d 1550, 1562 (11th Cir. 1994) (cleaned up)). A municipality does not refuse to provide due process when its procedures "entitle[] [individuals] to appeal [an] order to the Florida State Circuit Court," and they simply forego the appeal in lieu of bringing the "arguments to federal court." <u>Id.</u> at 1379. In fact, "that procedure satisfies due process because the Florida Circuit Court has the power to remedy any procedural deficiencies and cure violations of due process." <u>Id.</u> (citing <u>McKinney</u>, 20 F.3d at 1564). Because the Ordinance entitled Sheets to an appeal before a Florida Circuit Court, the Ordinance did not violate procedural due process. The Fourteenth Amendment claim is dismissed with prejudice.

**D. Count 6:  Failure to Train**

In Count 6, the AC raises a <u>Monell</u> § 1983 failure to train claim against Weiser. Weiser moves to dismiss based on four arguments: (1) that vicarious liability is not applicable to § 1983 claims; (2) that § 1983 is inapplicable to Weiser because it is a private company and not a state actor; (3) that any failure

to train claim is insufficiently alleged; and (4) that the AC is a shotgun pleading.

It is true that Weiser must be considered a State actor to be held liable under this claim since "§ 1983 only provides for claims to redress State action." Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). Though the AC identifies Weiser as a private company, "[t]he Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). No factual allegations are made, however, as to which test, if any, establishes Weiser as a State actor. Having failed to show Weiser is plausibly a State actor, this Count merits dismissal.

Even if Weiser is a State actor, dismissal is required because the AC does not adequately plead a failure to train claim. A § 1983 claim "is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 563 U.S. 51, 61 (2011). Weiser "is not automatically liable under section 1983 even if it inadequately trained or supervised its" employees. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). Instead, to adequately plead a § 1983 failure to train claim, it must be alleged that Weiser "inadequately trains or supervises its

16

employees, this failure to train or supervise is a [Weiser] policy, and that [Weiser's] policy causes the employees to violate a citizen's constitutional rights." Id. (citation omitted).

A failure to train policy is a Weiser policy "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [employee] come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). Deliberate indifference occurs when Weiser "knew of a need to train and/or supervise in a particular area and . . . made a deliberate choice not to take any action." Gold, 151 F.3d at 1350. Deliberate indifference can be shown in two ways: (1) "if the [defendant] is aware that a pattern of constitutional violations exists, and nevertheless fails to provide adequate training," or (2) "if the likelihood for constitutional violation is so high that the need for training would be obvious." Lewis v. City of W. Palm Beach, Fla., 561 F.3d 1288, 1293 (11th Cir. 2009). "A less stringent standard of fault for a failure-to-train claim 'would result in de facto respondeat superior liability on municipalities," Thompson, 563 U.S. at 62 (quoting Canton, 489 U.S. at 392), which § 1983 does not allow—as Weiser correctly points out. Knight through Kerr v. Miami-Dade Cnty., 856 F.3d 795, 819 (11th Cir. 2017)("This liability is premised on a constitutional violation carried out by the [defendant] itself and cannot be based on theories of respondeat superior or vicarious liability.").

At the very least, Count 6 fails to allege that a failure to train policy is a Weiser policy. First, no pattern of similar constitutional violations by untrained Weiser employees is alleged. At most, the AC mentions that Sheets was "harassed" on October 23, 2020, by a Weiser employee, days after he was ejected from the library. But the vague "harassed" allegation does not plausibly plead that occurrence was similar and, in any event, a subsequent event cannot establish a prior pattern of violations. Connick, 563 U.S. at 63 n. 7. Second, it is not alleged that this is the rare kind of obvious need for training that would support a finding of deliberate indifference. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1329 (11th Cir. 2015). Count 6 is dismissed without prejudice.

### E. Miscellaneous Instructions

A few final notes. Weiser is correct that the AC is a shotgun pleading. As Weiland teaches, the most common type of shotgun pleading is one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. That is exactly what the AC does at the beginning of every count. The AC is also replete with unintelligible sentences. (See Doc. #35, p. 10)("[T]he first amendment viewpoint if to if the if the first amendment The First Amendment discrimination.").

18

Also concerning is the AC's naming of Matthew Greenwood and John Does. Greenwood was named as a defendant in the first complaint, (see Doc. #1), but after Sheets moved to dismiss him, (Doc. #5), he was dismissed and terminated from this action. (See Doc. #6.) In the AC, Greenwood was dropped from the caption as an identified defendant, and at least in one part he is referred to as "~~Defendant~~ Deputy Greenwood", with a strikethrough on the word "Defendant". (Doc. #35, ¶ 22.) But in other parts of the AC, he is still referred to as "Defendant Greenwood." (Id. ¶¶ 50, 65, 68.) Nothing indicates Greenwood was served the AC.

Similarly, "John Does" were dropped from the AC's caption as identified defendants and are only mentioned in the AC once, albeit under the factual allegations section and not under "parties": "John Does are county employees who violated Plaintiffs [sic] rights." (Id. ¶ 13.) "As a general matter, fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). A limited exception to the rule is "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215 n.6 (11th Cir. 1992)). If the AC intended to name any John Does as defendants, they are sua sponte dismissed without prejudice. See id. (affirming district court's sua sponte dismissal of John Doe identified as "Guard, Charlotte Correctional Institute" in pro se complaint).

19

Accordingly, it is now

**ORDERED:**

1. The Motion to Dismiss by the County, Tony Pribble, Robert Cestaro, and Hector Flores (Doc. #53) is **GRANTED IN PART AND DENIED IN PART.**

   a. Count 1 is dismissed without prejudice.

   b. Count 5's Fifth Amendment claim is dismissed without prejudice. Count 5's Seventh and Fourteenth Amendment claims are dismissed with prejudice.

2. The Motion to Dismiss by Matthew Roepstorff (Doc. #79) is **GRANTED** to the extent indicated.

   a. Matthew Roepstorff is entitled to absolute quasi-judicial immunity.

3. The Motion to Dismiss by Weiser Security Services, Inc. (Doc. #80) is **GRANTED** to the extent indicated.

   a. Count 6 is dismissed without prejudice.

4. Any John Doe Defendants are dismissed without prejudice. Plaintiff is additionally warned that the Amended Complaint is a shotgun pleading.

5. Plaintiff may file a second amended complaint within **FOURTEEN (14) DAYS** of this Opinion and Order. Failure to do so may result in closure of the case without further notice. Any forthcoming complaint shall be limited to curing the deficiencies addressed herein, including the

counts/parties dismissed without prejudice. In addition, any forthcoming complaint shall, as consistent with this Opinion and Order, remove Matthew Roepstorff and the claims dismissed with prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of June 2025.


_John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record