UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.

TONY PRIBBLE, IN PERSONAL
AND PROFESSIONAL CAPACITY;
LINDA ARMSTRONG, IN
PERSONAL AND PROFESSIONAL
CAPACITY; JULIE SEARGENT, IN
PERSONAL AND PROFESSIONAL
CAPACITY; ROBERT CESTARO,
IN PERSONAL AND
PROFESSIONAL CAPACITY; AND
HECTOR FLORES, IN PERSONAL
AND PROFESSIONAL CAPACITY;

    Defendants,

Case No. 2:24-cv-958-JES-KCD

## ORDER

Before the Court is Plaintiff Andrew Bryant Sheets' Emergency Motion to Reinstate Electronic Filing Access. (Doc. 118.)[1] For the reasons below, the motion is **DENIED**.

The Court currently operates a web portal that allows pro se litigants to file documents electronically. That service will end next week. Citing his "constitutional need for electronic filing access," Plaintiff demands "an order

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

reinstating his ability to submit filings through the . . . Web Portal." (Doc. 118 at 1.)

Plaintiff's inability to file electronically does not constitute a legal barrier to participation. He can file documents through the mail or by hand delivery to the clerk's office. That access is sufficient to alleviate any constitutional concerns. *See, e.g.*, *McNiece v. Town of Yankeetown*, 817 F. App'x 842, 845 (11th Cir. 2020). "There is no constitutional right to electronic filing, and courts are permitted to manage access to electronic systems in the interest of administrative efficiency, consistency, and security." *In re Vital Pharms.*, Inc., No. 22-17842-PDR, 2025 WL 1189882, at *9 (Bankr. S.D. Fla. Apr. 23, 2025).

The Court discontinued its web portal to realign resources and ensure continued efficiency. Plaintiff has not shown that this decision was unlawful or arbitrary. *McNiece*, 817 F. App'x at 845.

Plaintiff also asks the Court to "adopt a mailbox rule deeming mailing filings timely based on the . . . postmark date." (Doc. 118 at 2-3.) But the "mailbox rule" is limited to "*pro se prisoner*[] filings." *Wilson v. Johnson*, No. 2:23-CV-354-TFM-MU, 2024 WL 3297072, at *1 (S.D. Ala. July 3, 2024). Plaintiff offers no authority extending the mailbox rule to non-prisoners. Nor has he convinced the Court that such relief is necessary. Plaintiff can ask

that filings be emailed to him (as opposed to postmarked) and otherwise monitor the docket through PACER.

For these reasons, Plaintiff's Emergency Motion to Reinstate Electronic Filing Access (Doc. 118) is **DENIED**.

**ORDERED** in Fort Myers, Florida on July 28, 2025.

Kyle C. Dudek
United States Magistrate Judge