UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

Plaintiff,

v. Case No.: 2:24-cv-958-SPC-KRH

TONY PRIBBLE, in personal and professional capacity; LINDA ARMSTRONG, in personal and professional capacity; JULIE SEARGENT, in personal and professional capacity; ROBERT CESTARO, in personal and professional capacity; AND HECTOR FLORES, in personal and professional capacity,

Defendants.

---

**OPINION AND ORDER**

Before the Court are Defendants Linda Armstrong and Julie Seargent's Motion to Dismiss (Doc. 130) and Defendants Robert Cestaro, Hector Flores, and Tony Pribble's Motion to Dismiss (Doc. 131). Plaintiff Andrew Bryant Sheets filed responses in opposition. (Docs. 134, 135). For the reasons set forth below, the motions are granted.

Plaintiff filed an Opposed Motion for Leave to Amend Nunc Pro Tunc (Doc. 136) seeking leave to "correct and clarify portions" of the Third Amended Complaint to reflect that the polls were still open when Plaintiff was

trespassed. The motion is granted to the extent that the Court will consider the clarifications set forth in the motion.

## Legal Standard

A district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). When considering a Rule 12(b)(6) motion, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678. Pro se pleadings are held to a less stringent standard and therefore liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). The Court does not serve as *de facto* counsel to a pro se party or rewrite deficient pleadings. *See id.* at 1168-69. Pro se litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

## Background

Andrew Bryant Sheets, who is a write-in candidate for the Office of County Sheriff, wanted to video record and observe the closing of the polls. Sheets states that the polls had not closed. (Doc. 129 at ¶¶ 28-30). Sheets asked Julie Seargent, who was an election worker in charge, if he could record

the closing of the polls. Robert Cestaro was engaged in providing security for the election and was performing a public duty as a contracted employee when he kicked Sheets out of the library because of the "verbal debate" between Sheets, Seargent and Linda Armstrong (Armstrong), a supervisor. (*Id.* at ¶¶ 31-34). Armstrong directed Cestaro to remove Sheets even though he was petitioning the government, and he alleges his viewpoint was protected speech. (*Id.* at 40).

Tony Pribble was the Security Manager for Charlotte County and advised Plaintiff that he could not video the closing of the polls. Sheets became belligerent and was escorted out of the Mid County Library building. Pribble advised Deputy M. Greenwood that he wanted a police report created and that he was in the process of talking to the Charlotte County Administrator, Legal Department, and the Supervisor of Elections office about issuing a trespass warning for all county facilities. (*Id.* at 28). Sheets alleges that Pribble was the moving force behind the trespass warning and the trespass was in retaliation for protected speech. (*Id.* at 40–41). Hector Flores, county administrator, drafted and signed the trespass warning. (*Id.* at 42). The trespass warning lasted one year and prevented Sheets from attending a historical advisory committee meeting at the Mid County Regional Library on July 14, 2021. (*Id.* at 44).

## Analysis

The Third Amended Complaint asserts three First Amendment claims pursuant to 42 U.S.C. § 1983: (1) Count One alleges viewpoint discrimination against all Defendants (Armstrong, Seargent, Flores, Pribble, and Cestaro) in their individual capacity; (2) Count Two alleges prior restraint against Flores in his official capacity; and (3) Count Three alleges retaliation for petitioning the government for redress against all Defendants (Armstrong, Seargent, Flores, Pribble, and Cestaro) in their personal capacity. All defendants move to dismiss on two grounds: (1) Sheets was not granted leave to file an amended complaint; and (2) Sheets cannot overcome qualified immunity. (Doc. 130 at 3–7; Doc. 131 at 3–7).

While the Court agrees that Sheets was not granted specific leave to amend his complaint, the Court will permit Sheets to proceed on the Third Amended Complaint, as supplemented by the Opposed Motion for Leave to Amend Nunc Pro Tunc (Doc. 136). This leaves the issue of qualified immunity.

Qualified immunity is a question of law which may be asserted in a Rule 12(b)(6) motion to dismiss. *See Smith ex rel. Smith v. Siegelman*, 322 F.3d 1290, 1294 (11th Cir. 2003). Courts employ a burden-shifting analysis to determine whether official conduct is protected by qualified immunity. *Huggins v. Sch. Dist. of Manatee Cnty.*, 151 F.4th 1268, 1278 (11th Cir. 2025). First, the official must prove he or she was acting within the scope of their

discretionary authority when the alleged wrongful act occurred. *Id.*; *DeMarcus v. Univ. of S. Ala.*, 133 F.4th 1305, 1317 (11th Cir. 2025). The actions must have been undertaken pursuant to the official's duties within the scope of their authority. *Huggins*, 151 F.4th at 1278. A district court looks to the general nature of defendant's action, temporarily disregarding the alleged unconstitutionality of that act. *Nute v. White*, 152 F.4th 1311, 1317 (11th Cir. 2025).

Given the near-identical facts to prior pleadings, except for the reason Sheets was kicked out of the library (i.e., being belligerent and argumentative rather than violating Charlotte County Rule 8), the Court incorporates previous findings that Defendants were acting within the scope of their discretionary authority. *Sheets v. Pribble*, No. 2:24-CV-00958-JES-DNF, 2026 WL 820542, at *4–5 (M.D. Fla. Mar. 25, 2026).

The burden now shifts to Plaintiff to show that: (1) the conduct violated his statutory or constitutional right; and (2) the right was clearly established at the time of the challenged conduct. *Huggins*, 151 F.4th at 1278; *Watkins v. Davis*, 156 F.4th 1084, 1097 (11th Cir. 2025). For the law to be clearly established, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates

federal law in the circumstances." *King v. Pridmore*, 961 F.3d 1135, 1145 (11th Cir. 2020) (quoting *Hudson v. Hall*, 231 F.3d 1289, 1294 (11th. Cir. 2000)).

Plaintiff can show the law was "clearly established" in any of three ways: (1) identifying a "materially similar case" that has been decided with facts similar enough to give notice;[1] (2) relying on a broader, clearly established principle that should control the novel facts at hand; or (3) showing that the officers' conduct was so egregious that a constitutional right was clearly violated, even in the total absence of case law. *See Andre v. Clayton Cnty.*, 148 F.4th 1282, 1298 (11th Cir. 2025); *Aguirre v. Seminole Cnty.*, 158 F.4th 1276, 1296–97 (11th Cir. 2025).

The Court has twice before considered Sheets' claims and the issue of qualified immunity. The first time, the Court found that the qualified immunity defense could not be determined because Defendants failed to satisfy their burden at the first step, i.e., that they were performing a legitimate job-related function within their authorized power. The Court did not reach the second step. *Sheets v. Charlotte Cnty.*, No. 2:24-CV-958-JES-KCD, 2025 WL 1644084, at *5 (M.D. Fla. June 10, 2025). The second time, the Court found that Defendants all acted within the scope of their discretionary authority, but

[1] A plaintiff may only rely upon binding decisions of (1) the Supreme Court of the United States; (2) the United States Court of Appeals for the Eleventh Circuit; and (3) the highest court of the pertinent state, here the Florida Supreme Court. *Wate v. Kubler*, 839 F.3d 1012, 1018 (11th Cir. 2016).

that Sheets failed to meet his burden because there was no First Amendment right to record the closing of the polls in the nonpublic forum library. "Under the factual allegations in the SAC, it is unlikely that Sheets had a First Amendment right to videotape the closing of the polls. Further, given the lack of clarity on the bounds of the First Amendment right to record public officials, it cannot be said that, in this context, such First Amendment right was clearly established." *Sheets v. Pribble*, No. 2:24-CV-00958-JES-DNF, 2026 WL 820542, at *8 (M.D. Fla. Mar. 25, 2026). As a result, the Court found that all defendants were entitled to qualified immunity on the First Amendment claims. The Court now considers the issue as applied to the Third Amended Complaint.

In Count One, Sheets alleges the Defendants engaged in viewpoint discrimination by kicking him out of the library for his viewpoint "that he is allowed to record the closing of the polls." In the motion, Sheets clarified that he was trespassed for "merely arguing with public officials. The filming of the polls was a future event. At the time when Mr. [S]heets was trespassed the polls were still open." (Doc. 129 at ¶ 58; Doc. 136 at 2). Defendants contend that there is no clearly established constitutional right to record the closing of the polls, and the new allegation of petitioning the government is contradicted by paragraph 27 of the Third Amended Complaint and the incident report attached to it. (Doc. 130 at 4, 6; Doc. 131 at 3, 5). In response, Sheets argues

that his "speech was unwelcomed" and the "giving of offense is a viewpoint." (Doc. 134 at 11). Sheets alleges that his viewpoint is the verbal challenge to the policy against recording and Sheets argues that he would not have been trespassed but for his petitioning and challenging the policy. (*Id.* at 12).

The Court previously found that Sheets did not state a claim for viewpoint discrimination in Count One because filming provided no ideology, opinion, or perspective. (Doc. 112 at 12–13). After Sheets amended, the Court found that the anti-recording Rule was viewpoint neutral and reasonable in light of the purpose served by the forum (library). "The Rule only bans recording in County-owned buildings without consent or without the approval of the County Administrator. Such general prohibitions, alongside the exceptions, do not regulate speech based on the 'specific motivating ideology or the opinion or perspective of the speaker.'" *Sheets v. Pribble*, No. 2:24-CV-00958-JES-DNF, 2026 WL 820542, at *6 (M.D. Fla. Mar. 25, 2026) (footnote and citation omitted). Clarifying that the speech was belligerent or offensive in its viewpoint does not alter this finding or lead to the conclusion that a clearly established right was violated. While "public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers," *Matal v. Tam*, 582 U.S. 218, 244 (2017) (collecting cases), the incident report summarized in the Third Amended Complaint shows that Deputy Greenwood was advised that Sheets wanted to record and observe the

closing of the polls. Sheets was advised he could not, and he became belligerent and argumentative in response. There is nothing in the record to demonstrate that Defendants were motivated by a desire to suppress a viewpoint. The trespass warning came later. (Doc. 129 at ¶ 28).

Sheets fails to show a constitutional violation because he fails to allege a comparator. To state a selective-enforcement claim, "a plaintiff must 'make a prima facie showing that he has been singled out for prosecution although *others* similarly situated, who have committed the same acts, have not been prosecuted.'" *Bryan Media, Inc. v. City of St. Petersburg*, No. 8:05-cv-291-T-MSS, 2006 WL 8440094, at *5 (M.D. Fla. Dec. 11, 2006) (emphasis added) (citation omitted), *aff'd*, 293 F. App'x 717 (11th Cir. 2008) (emphasis added). In doing so, the plaintiff must show "that a comparator or, in other words, 'others similarly situated' have been treated differently than the plaintiff." *Shadow Oaks, LLP v. City of Ocala*, No. 5:21-cv-564-ACC-PRL, 2022 WL 22247808, at *5 (M.D. Fla. Nov. 4, 2022), *report and recommendation adopted*, 2022 WL 22247805 (Dec. 1, 2022). Without any allegations highlighting another person similarly situated, Sheets cannot establish that it was his viewpoint that was the motivating factor. *See id.* at *5–6 (stating that the plaintiff cannot serve as their own comparator and other comparators offered by plaintiff were not similarly situated because they did not commit the same acts as the plaintiff). Therefore, to the extent that Sheets is still pursuing a

claim of viewpoint discrimination, such a claim is dismissed with prejudice, as Defendants are entitled to qualified immunity.

In Count Three, Sheets alleges retaliation for petitioning the government and questioning the authority of county employees. Sheets alleges that this does not violate Rule 8 and that Armstrong, Seargent, Flores, Pribble, and Cestaro retaliated against him. Sheets alleges that he was trespassed in retaliation for his protected speech when he argued with public officials. In the motion, Sheets references the right to be free from viewpoint discrimination, "Verbal Debate, Petitioning of the Government." (Doc. 129 at ¶¶ 87, 92–95; Doc. 136 at 3). In the response, Sheets states that he was engaging in debate to obtain permission to film the polls after they closed and that his "right to verbally challenge, government employees, to debate and be critical of these employees" is protected. (Doc. 135 at 5).

The right to petition the government for a redress of grievances is "one of the most precious of the liberties safeguarded by the Bill of Rights," and is "high in the hierarchy of First Amendment values." *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1288 (11th Cir. 2019) (citations omitted). To state a retaliation claim, Sheets must show that (1) he engaged in a constitutionally protected right like the right to petition the government for redress; (2) that the trespass "adversely affected that protected" right; and (3) there is a causal

connection between the two. *Id.* at 1289. There are two approaches to these types of claims:

> One approach, typically used when a governmental employee claims that he was fired because he engaged in First Amendment activity, looks to whether the defendant governmental employer's retaliatory motivation was the but-for cause of the adverse employment decision. If not—that is, if the defendant would have taken the same action had there not also been a retaliatory animus motivating that conduct—then the defendant is not liable. [] The second approach—taken when the governmental defendant has utilized the legal system to arrest or prosecute the plaintiff—has been to require the plaintiff to plead and prove an absence of probable cause as to the challenged retaliatory arrest or prosecution in order to establish the causation link between the defendant's retaliatory animus and the plaintiff's injury. []

*Id.* (citations omitted). Under the second approach, "want of probable cause must be alleged and proven." *Hartman v. Moore*, 547 U.S. 250, 252 (2006). The "causal connection required" is "between the retaliatory animus of one person and the action of another." *Id.* at 262. Neither approach applies to this case by any stretch of the imagination. Sheets has not alleged that he is a government employee nor that he was arrested or prosecuted absent probable cause.

No matter how Sheets frames his First Amendment argument, whether speech or redress, his position remains that he was arguing for the right to film or record once the polls closed because his viewpoint is that it is permitted under Rule 8. Defendants rejected the argument and refused access.

Demanding the right to record is not a "viewpoint" subject to protection, and the Court has rejected Sheets's "viewpoint" argument repeatedly. The motion to dismiss is granted with prejudice as to Count Three.

In Count Two, Sheets alleges Flores, in his official capacity, violated his First Amendment rights by failing to provide Sheets permission to record county employees at the polling station. (Doc. 129 at ¶ 75). Sheets alleges that Flores should have given "blanket permission to everyone" to record, that there are no objective standards on who Flores may or may not give permission, and by withholding permission Flores created a scheme that required prior approval. (*Id.* at 76–77, 80). Plaintiff argues that the Rule provides "unbridled discretion" to approve or forbid recording violates constitutional boundaries. (Doc. 134 at 16–17).

As the Court discussed in the previous Opinion and Order (Doc. 128), there is no First Amendment right to record the closing of polls. *Sheets v. Pribble*, No. 2:24-CV-00958-JES-DNF, 2026 WL 820542, at *5 (M.D. Fla. Mar. 25, 2026). Without such First Amendment right, there is no underlying constitutional violation to support Sheets' *Monell* claim against Flores. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Count Two is dismissed with prejudice.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Opposed Motion for Leave to Amend Nunc Pro Tunc (Doc. 136) is **GRANTED** to the extent that the statements therein were incorporated into the Third Amended Complaint.

(2) Defendants Linda Armstrong and Julie Seargent's Motion to Dismiss (Doc. 130) is **GRANTED.**

(3) Defendants Robert Cestaro, Hector Flores, and Tony Pribble's Motion to Dismiss (Doc. 131) is **GRANTED**.

(4) Counts 1–3 are **DISMISSED with prejudice.**

(5) The Clerk shall enter judgment dismissing the Third Amended Complaint, as supplemented, with prejudice and close the file.

**DONE and ORDERED** at Fort Myers, Florida on July 24, 2026.

Sheri Polster Chappell

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: Parties of record